**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **FLEXIWORLD TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>**v.**<br><br>**KYOCERA DOCUMENT SOLUTIONS AMERICA, INC. and KYOCERA INTERNATIONAL, INC.,**<br><br>Defendants. | Case No. 3:26-cv-02381<br><br>Jury Trial Demanded |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Defendants Kyocera Document Solutions America, Inc. and Kyocera International Inc., ("Defendants" or "Kyocera") alleging as follows:

**BACKGROUND AND NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent Nos. 9,036,181 ("the '181 Patent"), 10,140,071 ("the '071 Patent"), 10,873,856 ("the '856 Patent"), 10,846,031 ("the '031 Patent"), 10,481,846 ("the '846 Patent"), 7,609,402 ("the '402 Patent"), and 9,836,257 ("the '257 Patent"), (collectively, "the Patents-in-Suit").

2. The Patents-in-Suit are owned by Plaintiff, Flexiworld Technologies, Inc. ("Flexiworld" or "Plaintiff").

3. Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

4. Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (e.g., WiFi, Bluetooth) and mobile device markets.

5. Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs, digital cameras, wireless televisions, wireless printers, wireless audio devices, etc.

6. Flexiworld was voted the best early-stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

7. Flexiworld's innovative work and results have been widely recognized in the industry. The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Samsung, Seiko Epson, Canon, Xerox, NEC, Disney, Mattel, and others.

8. Flexiworld has developed wireless applications and embedded solutions for the short-range wireless and mobile device market.

9. William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld. Mr. Chang has been granted over 88 United States patents and over 100 patents worldwide on his inventions.

10. Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder. Ms. Liu has been granted over 65 United States patents and over 75 patents worldwide on her inventions.

**ORIGINAL COMPLAINT**                                                      **Page 2 of 23**

## THE PARTIES

11.     Flexiworld is a Washington corporation with its principal place of business at 3439 NE Sandy Blvd., #267, Portland, Oregon 97232.

12.     On information and belief, Kyocera Document Solutions America, Inc. ("KDSA") is a Delaware corporation and has a regular and established place of business at 2825 Story Road West, Irving, TX 75038.

13.     On information and belief, Kyocera International, Inc. ("KI") is a California corporation and has a regular and established place of business at 740 East Campbell Road, Suite 100, Richardson, TX 75081.

## JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

15.     Defendants are subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendants because Defendants, directly and through their subsidiaries, divisions, groups, or distributors, have sufficient minimum contacts with this form as a result of business conducted within the State of Texas and/or pursuant to Fed. R. Civ. P. 4(k)(2). Furthermore, on information and belief, Defendants have engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District.  Furthermore, on information and belief, this Court has personal jurisdiction over Defendants because Defendants have committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

**ORIGINAL COMPLAINT**                                                                          **Page 3 of 23**

16.     Defendants also maintain commercial websites accessible to residents of the State of Texas and this judicial District, through which Defendants promote and facilitate sales of the accused products.    For example, the websites https://solutions.kyoceramobile.com/ and https://www.kyoceradocumentsolutions.us/en.html are accessible to consumers in the United States, including those in the State of Texas and this judicial District, where Defendants supply information about products that can be purchased and/or used in this judicial District, including the accused products identified herein.

17.     This Court has general jurisdiction over Defendants due to Defendants' continuous and systematic contacts with the State of Texas and this jurisdiction.  Further, Defendants are subject to this Court's jurisdiction because they have committed patent infringement in the State of Texas and this jurisdiction.  Thus, Defendants have established minimum contacts with the State of Texas and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

18.     Defendants have committed acts of infringement in this District and have one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b).  Defendants each maintain a regular and established place of business within the Northern District of Texas, conducting business from at least 2825 Story Road West, Irving, TX 75038 and 740 East Campbell Road, Suite 100, Richardson, TX 75081. On information and belief, Defendants offer support for the Accused Products (defined below) from their websites and from physical facilities in Irving and Richardson, Texas. Thus, venue is proper in this District with respect to Defendants under 28 U.S.C. § 1400(b).

**ORIGINAL COMPLAINT** **Page 4 of 23**

19.    On information and belief, Defendants commit acts of infringement from their facilities in Irving and Richardson, Texas, including by offering for sale and selling to customers the Accused Products from that facility.

20.    In addition, on information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 1400(b) because Defendants have conducted and do conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and this judicial district.

21.    Venue is therefore proper in the Northern District of Texas pursuant to 28 U.S.C. § 1400(b).

**THE PATENTS-IN-SUIT**

**The '181 Patent**

22.    The '181 Patent, entitled "Wireless printing device for printing digital content received via wireless communication compatible, at least partly, with IEEE 802.11 or Bluetooth," duly and legally issued on May 19, 2015, from U.S. Patent Application No. 12/764,015, filed on April 20, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '181 Patent is attached hereto as Exhibit 1 and is incorporated by reference.

23.    The '181 Patent claims priority to U.S. Patent Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '181 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

24.    The '181 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

25.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '181 Patent.

26.    An assignment of the '181 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 29112/0430.

27.    Flexiworld has standing to sue for infringement of the '181 Patent.

**The '071 Patent**

28.    The '071 Patent, entitled "Printers, printer controllers, printer software, or printer firmware for supporting wireless printing or printing over air," duly and legally issued on November 27, 2018, from U.S. Patent Application No.15/332,432, filed on October 24, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '071 Patent is attached hereto as Exhibit 2 and is incorporated by reference.

29.    The '071 Patent claims priority to U.S. Patent Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '071 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

30.    The '071 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

31.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '071 Patent.

32.    An assignment of the '071 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 42385/0202.

**ORIGINAL COMPLAINT**                                                          **Page 6 of 23**

33.     Flexiworld has standing to sue for infringement of the '071 Patent.

**The '856 Patent**

34.     The '856 Patent, entitled "Printing devices supporting printing over air or printing over a wireless network," duly and legally issued on December 22, 2020, from U.S. Patent Application No. 15/713,546, filed on September 22, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '856 Patent is attached hereto as Exhibit 3 and is incorporated by reference.

35.     The '856 Patent claims priority to U.S. Patent Application No. 13/710,299, filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The '856 Patent also claims priority to U.S. Patent Application No. 12/903,048, filed on October 12, 2010 and issued as U.S. Patent 8,332,521. The '856 Patent also claims priority to U.S. Patent Application No. 15/713,546 and 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '856 Patent also claims priority to U.S. Patent Application No. 09/992,413, filed on November 18, 2001 and U.S. Patent Application No. 12/903,048 which is a continuation of U.S. Patent Application No. 10/016,223, filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '856 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

36.     The '856 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

37.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '856 Patent.

38.     An assignment of the '856 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 43675/0454.

39.    Flexiworld has standing to sue for infringement of the '856 Patent.

**The '031 Patent**

40.    The '031 Patent, entitled "Software application for a mobile device to wirelessly manage or wirelessly setup an output system or output device for service," duly and legally issued on November 24, 2020, from U.S. Patent Application No. 15/594,440, filed on May 12, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '031 Patent is attached hereto as Exhibit 4 and is incorporated by reference.

41.    The '031 Patent claims priority to U.S. Patent Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '031 patent also claims priority to U.S. Patent Application No. 09/992,413, filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The '031 Patent also claims priority to U.S. Patent Application No. 13/710,299, filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516.  The '031 Patent also claims priority to U.S. Patent Application No. 12/903,048, filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The '031 Patent also claims priority to U.S. Patent Application No. 10/016,223, which was filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '031 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

42.    The '031 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

43.    Flexiworld is the owner and assignee of all rights, title, and interest in and under the '031 Patent.

44.    An assignment of the '031 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 42385/0202.

**ORIGINAL COMPLAINT**                                                      **Page 8 of 23**

45. Flexiworld has standing to sue for infringement of the '031 Patent.

**The '846 Patent**

46. The '846 Patent, entitled "Software applications and information apparatus for printing over air or for printing over a network," duly and legally issued on November 19, 2019 from U.S. Patent Application No. 15/697,247, filed on September 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '846 Patent is attached hereto as Exhibit 5 and is incorporated by reference.

47. The '846 Patent claims priority to U.S. Application No. 13/710,299, filed on December 10, 2012 and issued as U.S. Patent No. 9,798,516. The '846 Patent also claims priority to U.S. Application No. 12/903,048, filed on October 12, 2010 and issued as U.S. Patent No. 8,332,521. The '846 Patent also claims priority to U.S. Application No. 10/053,765, filed on January 18, 2002 and issued as U.S. Patent No. 9,836,257. The '846 Patent also claims priority to U.S. Application No. 09/992,413, filed on November 18, 2001 and issued as U.S. Patent No. 9,965,233. The '846 Patent also claims priority to U.S. Application No. 10/016,223, filed on November 1, 2001 and issued as U.S. Patent No. 7,941,541. The '846 Patent also claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001, U.S. Provisional Application No. 60/252,682, filed on November 20, 2000, and U.S. Provisional Application No. 60/245,101, filed on November 1, 2000.

48. The '846 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

49. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '031 Patent.

50. An assignment of the '846 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 43675/0448.

51. Flexiworld has standing to sue for infringement of the '846 Patent.

**The '402 Patent**

52. The '402 Patent, entitled "Methods for universal data output," duly and legally issued on October 27, 2009, from U.S. Patent Application No. 10/053,651, filed on January 18, 2002, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '402 Patent is attached hereto as Exhibit 6 and is incorporated by reference.

53. The '402 Patent claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

54. The '402 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

55. Flexiworld is the owner and assignee of all rights, title, and interest in and under the '402 Patent.

56. An assignment of the '402 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 28733/0064.

57. Flexiworld has standing to sue for infringement of the '402 Patent.

**The '257 Patent**

58. The '257 Patent, entitled "Mobile information apparatus that includes intelligent wireless display, wireless direct display, or transfer of digital content for playing over air the digital content at smart televisions, television controllers, or audio output devices," duly and legally issued on December 5, 2017, from U.S. Patent Application No. 10/053,765, filed on January 18, 2002, naming William Ho Chang and Christina Ying Liu as the inventors. A true and correct copy of the '257 Patent is attached hereto as Exhibit 7 and is incorporated by reference.

59. The '257 Patent claims priority to U.S. Provisional Application No. 60/262,764, filed on January 19, 2001.

**ORIGINAL COMPLAINT**                                                                 **Page 10 of 23**

60.     The '257 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

61.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '257 Patent.

62.     An assignment of the '257 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 29112/0430.

63.     Flexiworld has standing to sue for infringement of the '257 Patent.

## GENERAL ALLEGATIONS

64.     Defendants have not obtained a license to any of the Patents-in-Suit.

65.     Defendants did not have Flexiworld's permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of any of the Patents-in-Suit.

66.     Defendants have made, used, sold, offered to sell, and/or imported into the United States products as claimed in each of the Patents-in-Suit.

67.     Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States smartphones that infringe at least one claim or one or more of the Patents-in-Suit, including but not limited to new and refurbished versions of Kyocera's DuraForce and DuraSport smartphones ("the Accused Phones").

68.     Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing

**ORIGINAL COMPLAINT**                                               **Page 11 of 23**

to be supplied, selling, and/or offering for sale in the United States printers that infringe at least one claim or one or more of the Patents-in-Suit, including but not limited to new and refurbished versions of Kyocera's ECOSYS, CS, TASKalfa, and PA series printers ("the Accused Printers").

69.     Defendants have infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States printing apps that infringe at least one claim or one or more of the Patents-in-Suit, including but not limited to new and updated versions of Kyocera's Mobile Print app ("the Accused Apps", together with the Accused Printers and the Accused Phones, "the Accused Products").

70.     Defendants' customers have directly infringed the Patents-in-Suit by using the Accused Products.  Through their product manuals, website, and/or sales and marketing activities, Defendants solicited, instructed, encouraged, and aided and abetted their customers to purchase and use the Accused Products in an infringing way.

71.     Flexiworld has been damaged as a result of Defendants' infringing conduct. Defendants are therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

72.     In addition, for the reasons discussed herein, Defendants' infringing activities detailed in this Complaint and Exhibits 10-18 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ORIGINAL COMPLAINT**                                                                 **Page 12 of 23**

73.    Defendants market and sell other products that are not covered by the claims of the Patents-in-Suit but that were sold with or in conjunction with the Accused Products.  Accordingly, Flexiworld is entitled to collect damages from Defendants for convoyed sales of certain non-patented items.

74.    Defendants failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

75.    Attached hereto are <u>Exhibits 10-18,</u> and incorporated herein by reference, are representative claim charts detailing how exemplar Accused Products have infringed the Patents-in-Suit.

76.    On information and belief, with respect to each Patent-in-Suit Flexiworld has complied with the requirements of 35 U.S.C. § 287.

77.    Since issuance of each of the Patents-in-Suit, Flexiworld has not made, offered for sale, sold, or imported a product that practices any of the Patents-in-Suit or that would otherwise require marking under 35 U.S.C. § 287.

78.    Further, on information and belief Flexiworld's licensees either did not make, offer to sell, sell, or import products that would require marking under 35 U.S.C. § 287 or otherwise did not have an obligation to mark any of their products with any of the Patents-in-Suit.

79.    Flexiworld complied with the requirements of 35 U.S.C. § 287, to the extent necessary, such that Flexiworld may recover pre-suit damages.

80.    For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

**ORIGINAL COMPLAINT**                                                                                   **Page 13 of 23**

## COUNT I – INFRINGEMENT OF THE '181 PATENT

81.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 80.

82.    Defendants have directly infringed one or more claims of the '181 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

83.    Additionally, on information and belief, Defendants have indirectly infringed the '181 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 1 of the '181 Patent.

84.    An exemplary claim chart demonstrating Defendants' infringement of the '181 Patent, as well as Defendants' customers' infringement of the '181 Patent, which has been induced by Defendants, is attached as Exhibit 10 and incorporated herein by reference.

85.    Defendants have had knowledge of the '181 Patent and of their infringement of the '181 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

86.    On information and belief, despite Defendants' knowledge of the '181 Patent and of their infringement of the '181 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '181 Patent.

87.    In addition, Defendants' infringing activities detailed in this Complaint and Exhibit 10 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights,

justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT II – INFRINGEMENT OF THE '071 PATENT**

88.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 87.

89.     Defendants have directly infringed one or more claims of the '071 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

90.     Additionally, on information and belief, Defendants have indirectly infringed the '071 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 1 of the '071 Patent.

91.     An exemplary claim chart demonstrating Defendants' infringement of the '071 Patent, as well as Defendants' customers' infringement of the '071 Patent, which has been induced by Defendants, is attached as Exhibit 11 and incorporated herein by reference.

92.     Defendants have had knowledge of the '071 Patent and of their infringement of the '071 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

93.     On information and belief, despite Defendants' knowledge of the '071 Patent and of their infringement of the '071 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '071 Patent.

**ORIGINAL COMPLAINT**                                          **Page 15 of 23**

94.    In addition, Defendants' infringing activities detailed in this Complaint and Exhibit 11 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '856 PATENT

95.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 94.

96.    Defendants have directly infringed one or more claims of the '856 Patent, including, for example, claim 17, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Printers.

97.    Additionally, on information and belief, Defendants have indirectly infringed the '856 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Printers and/or by instructing customers how to use the Accused Printers in a way that directly infringed at least claim 17 of the '856 Patent.

98.    An exemplary claim chart demonstrating Defendants' infringement of the '856 Patent, as well as Defendants' customers' infringement of the '856 Patent, which has been induced by Defendants, is attached as Exhibit 12 and incorporated herein by reference.

99.    Defendants have had knowledge of the '856 Patent and of their infringement of the '856 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

100.    On information and belief, despite Defendants' knowledge of the '856 Patent and of their infringement of the '856 Patent, Defendants have not sought to remedy their infringement

**ORIGINAL COMPLAINT**                                                    **Page 16 of 23**

or sought to identify any good faith belief or any rationale as to why they do not infringe the '856 Patent.

101.    In addition, Defendants' infringing activities detailed in this Complaint and Exhibit 12 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV – INFRINGEMENT OF THE '031 PATENT

102.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 101.

103.    Defendants have directly infringed one or more claims of the '031 Patent, including, for example, claims 8 and 28, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps.

104.    Additionally, on information and belief, Defendants have indirectly infringed the '031 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Apps and/or the Accused Phones and/or by instructing customers how to use the Accused Apps and/or the Accused Phones in a way that directly infringed at least claims 8 and 28 of the '031 Patent.

105.    Additionally, on information and belief, Defendants have indirectly infringed the '031 Patent in violation of 35 U.S.C. § 271(c) at least by selling within the United States and/or importing into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '031 Patent, and not a staple article or commodity of commerce

**ORIGINAL COMPLAINT**                                    **Page 17 of 23**

suitable for substantial noninfringing use, at least by selling and/or importing into the United States the Accused Apps in a way that directly infringed at least claim 8 of the '031 Patent.

106. Exemplary claim charts demonstrating Defendants' infringement of the '031 Patent, as well as Defendants' customers' infringement of the '031 Patent, which has been induced by and/or contributed to by Defendants, are attached as Exhibits 13-14 and incorporated herein by reference.

107. Defendants have had knowledge of the '031 Patent and of their infringement of the '031 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

108. On information and belief, despite Defendants' knowledge of the '031 Patent and of their infringement of the '031 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '031 Patent.

109. In addition, Defendants' infringing activities detailed in this Complaint and Exhibits 13-14 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V – INFRINGEMENT OF THE '846 PATENT

110. Flexiworld incorporates herein the allegations made in paragraphs 1 through 109.

111. Defendants have directly infringed one or more claims of the '846 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Apps.

**ORIGINAL COMPLAINT**                                                     **Page 18 of 23**

112.    Additionally, on information and belief, Defendants have indirectly infringed the '846 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Apps and/or the Accused Phones and/or by instructing customers how to use the Accused Apps and/or the Accused Phones in a way that directly infringed at least claim 1 of the '846 Patent.

113.    An exemplary claim chart demonstrating Defendants' infringement of the '846 Patent, as well as Defendants' customers' infringement of the '846 Patent, which has been induced by Defendants, is attached as Exhibit 15 and incorporated herein by reference.

114.    Defendants have had knowledge of the '846 Patent and of their infringement of the '846 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

115.    On information and belief, despite Defendants' knowledge of the '846 Patent and of their infringement of the '846 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '846 Patent.

116.    In addition, Defendants' infringing activities detailed in this Complaint and Exhibit 15 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI – INFRINGEMENT OF THE '402 PATENT**

117.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 116.

118.    Defendants have directly infringed one or more claims of the '402 Patent, including, for example, claim 33, in violation of 35 U.S.C. § 271(a) by making, using, selling,

**ORIGINAL COMPLAINT**                                                    **Page 19 of 23**

offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

119.    Exemplary claim charts demonstrating Defendants' infringement of the '402 Patent, as well as Defendants' customers' infringement of the '402 Patent, which has been induced by Defendants, are attached as Exhibits 16-17 and incorporated herein by reference.

120.    Additionally, on information and belief, Defendants have indirectly infringed the '402 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Products and/or by instructing customers how to use the Accused Products in a way that directly infringed at least claim 33 of the '402 Patent.

121.    Defendants have had knowledge of the '402 Patent and of their infringement of the '402 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

122.    On information and belief, despite Defendants' knowledge of the '402 Patent and of their infringement of the '402 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '402 Patent.

123.    In addition, Defendants' infringing activities detailed in this Complaint and Exhibits 16-17 have been willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE '257 PATENT

124.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 123.

**ORIGINAL COMPLAINT**                                                    **Page 20 of 23**

125.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '257 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Phones.

126.     Additionally, on information and belief, Defendants have indirectly infringed, and continue to indirectly infringe, the '257 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Accused Phones and/or by instructing customers how to use the Accused Phones in a way that directly infringed at least claim 1 of the '257 Patent.

127.     An exemplary claim chart demonstrating Defendants' infringement of the '257 Patent, as well as Defendants' customers' infringement of the '257 Patent, which has been and continues to be induced by Defendants, is attached as Exhibit 18 and incorporated herein by reference.

128.     Defendants have had knowledge of the '257 Patent and of their infringement of the '257 Patent through at least Flexiworld's July 23, 2021 and October 29, 2021 notice letters, copies of which are attached hereto as Exhibits 8-9.

129.     On information and belief, despite Defendants' knowledge of the '257 Patent and of their infringement of the '257 Patent, Defendants have not sought to remedy their infringement or sought to identify any good faith belief or any rationale as to why they do not infringe the '257 Patent.

130.     In addition, Defendants' infringing activities detailed in this Complaint and Exhibit 18 have been and continue to be willful, egregious, wanton, and deliberate in disregard to Flexiworld's rights, justifying a finding of willful infringement, enhanced damages under 35

**ORIGINAL COMPLAINT**                                                                 **Page 21 of 23**

U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. A judgment that Kyocera has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. A judgment and order requiring Kyocera to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c. A judgment and order that Kyocera has willfully infringed the Patents-in-Suit and requiring Kyocera to pay Flexiworld enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

d. A judgment and order requiring Kyocera to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e. A judgment and order requiring Kyocera to pay Flexiworld's costs; and

f. Such other and further relief as the Court may deem just and proper.

**ORIGINAL COMPLAINT** **Page 22 of 23**

Dated: July 20, 2026

Respectfully submitted,

*/s/ Timothy E. Grochocinski*
Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nelbum.com
C. Austin Ginnings
Illinois Bar No. 6343678
austin@nelbum.com
Taryn N. Trusty
Illinois Bar No. 6344409
taryn@nelbum.com
NELSON BUMGARDNER CONROY PC
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
708.675.1974 (telephone)

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*